**DAVID KARP COMPANY, Inc.**

**v.**

**The READ HOUSE, Inc.**

**Civ. A. No. 2129.**

United States District Court
E. D. Tennessee, S. D.
Nov. 8, 1954.

Kefauver, Duggan & McDonald, Chattanooga, Tenn., Mayne Miller, Johnson City, Tenn., for plaintiff.

Spears, Reynolds, Moore & Rebman, Chattanooga, Tenn., for defendant.

DARR, Chief Judge.

This case was tried to the Court and a jury resulting in a verdict for the plaintiff in the sum of $300 and a judgment was entered in accordance therewith.

The action sought to enforce the common law liability of an innkeeper and also liability growing out of negligence as bailee. The claim was for the loss of jewelry in the value of $49,794.19, which was contained in cases checked in defendant's hotel where plaintiff's salesman was a guest.

Thus it appears that the plaintiff and defendant did not bear the relationship of host and guest as is ordinarily required to set up responsibility of an innkeeper under the particular laws relating to the liability of hotels. However, the case proceeded on the idea that the defendant was responsible under the common law as an insurer as the plaintiff sought to show that the Tennessee statutory provisions concerning innkeepers was not applicable because defendant had no place for the safekeeping of the jewelry and had not posted the proper notice.

Defendant's proof sought to set up the fact that the defendant did have the statutory depository for the safekeeping of the merchandise and it did have proper notice in the guest's room.

Under the proof it seems that the plaintiff abandoned the idea of recovery growing out of negligence as bailee and to this the defendant has made no objections.

In addition it is probably true that Tennessee law recognizes responsibility of an innkeeper for the safekeeping of the jewels in the possession of salesmen who are guests.

The plaintiff has interposed a motion, the first part of which seeks to have the Court now direct a verdict in accord with the motion made at the conclusion of all the evidence. As is disclosed by the record, there were definitely factual issues for a jury and the motion for a directed verdict was properly overruled. This part of the motion is denied.

In the alternative plaintiff seeks a new trial and claims that the verdict of the jury was inconsistent in that the jury awarded $300; whereas, under the proof, the jury should have awarded the total claim of the plaintiff or returned a verdict in favor of the defendant.

Considering the way the case was tried and the issues recognized by all parties, the law governing the situation is a Ten-

nessee statute, which is found at Section 6680 of the Tennessee Code, which is as follows:

"When the proprietor of any hotel or inn shall provide a safe in the office in such hotel or inn, or other convenient place, for the safe-keeping of any money, jewels, or ornaments belonging to the guests of such hotel or inn, or for any samples of merchandise of any kind carried by drummers or commercial travelers, and shall notify the guest thereof by posting a notice (stating the fact that in such safe or other convenient place money, jewels, ornaments, or samples may be deposited) in the rooms occupied by such guests, in a conspicuous manner, and if such guests shall neglect to deposit such money, jewels, ornaments, or samples of merchandise in such safe or other convenient place, the proprietor shall not be liable for any loss of such money, jewels, ornaments, or samples of merchandise sustained by such guest, by theft, or otherwise.

"However the liability of said hotel or innkeeper for said safekeeping in the safe or other convenient place as above provided shall be limited to an amount not exceeding three hundred dollars, unless a written contract is entered into providing a greater liability, between the guest and the proprietor of said hotel or inn; and provided further— that the notice required to be posted by the proprietor of the hotel or inn in a conspicuous manner in the rooms occupied by such guests shall contain a recitation of the limitation of liability as herein provided, and the provision of greater liability being dependent upon a written contract between the proprietor and the guest."

While this Section has found its way into the Official Code of Tennessee, it appears that the first paragraph was passed in 1879 with a view of relieving hotels or inns from the stringent common law. The second paragraph of this Section came by way of amendments which were passed in 1921 and 1935.

The first paragraph of this Section protects innkeepers from liability provided they have a safe or other convenient place for the safekeeping of jewels and other property mentioned and provided that proper notice of the availability of such depository is posted in each room occupied by guests. If these statutory provisions are complied with and a guest fails to place jewels (or other property mentioned) in the safekeeping place, the guest cannot recover at all. If the statutory provisions are not met by the innkeeper in all respects, the guest may recover under the common law.

The second paragraph of this statute appears to provide that where the innkeeper does have a safekeeping place and gives the proper notice and the guest places the jewelry in the depository and there is a loss the limit of recovery is $300 unless there is a contract for a greater liability.

In the case at bar, the plaintiff's salesman, without notice to any of the hotel officials or employees of the contents of his cases or bags, placed the cases for deposit and took a receipt therefor. The jewelry was stolen from the depository and the questions of whether or not there was a statutory depository and there was proper notice posted were submitted to the jury and the verdict reflects that the jury concluded that there was kept by the defendant a proper place for the safekeeping of jewelry and statutory notice posted. Therefore, the limit of liability was $300.

Where the provisions of the second section of the statute have been met by the innkeeper, there is no change of common law responsibility except the important one of limit of liability.

In Tennessee an innkeeper is practically an insurer of personalty of the guest if the common law prevails, the only defense being from an act of

God or public enemy or by fault of the guest himself. Andrew Jackson Hotel, Inc., v. Platt, 19 Tenn.App. 360, 89 S.W. 2d 179.

Therefore, under the second section of the statute, when complied with, if the jewelry was lost by reason of the fault of the guest there would be no liability at all.

With this in view, the Court charged the jury that if the loss of the goods was the fault of the guest there would be no liability, but if there was any fault on the part of the defendant the recovery would be $300. In other words, the second section bringing back into play the common law with limitation of liability, the jury had to determine whether the loss was the fault of the guest entirely. If not the entire fault of the guest, then the common law would be applicable with limitations of $300. Hence the charge to the jury of determining whether any blame was placed upon the defendant in order to ascertain whether the loss was entirely the blame of the guest.

■ · The jury by its verdict determined that the defendant did provide a safekeeping place for the jewelry and did have the statutory notice posted and that the plaintiff's salesman was without fault and, therefore, rendered the verdict for $300 as provided in the second paragraph of said Section of the Tennessee Code.

The result is that there is no inconsistency in the verdict.

■ The last ground of the motion is that the verdict is against the greater weight of the evidence. To this the Court cannot agree and believes there was ample, substantial evidence upon which the jury based its verdict and the Court is satisfied therewith.

The motion for a new trial is overruled.

Order accordingly.