**DAVID KARP COMPANY, Inc.,**
**Appellant,**

v.

**The READ HOUSE, Inc., Appellee.**
**No. 12432.**

United States Court of Appeals
Sixth Circuit.
Dec. 13, 1955.

Ben O. Duggan, Jr., Chattanooga, Tenn., Mayne W. Miller, Johnson City, Tenn., (U. L. McDonald, Chattanooga, Tenn., on the brief), for appellant.

Alvin O. Moore, Chattanooga, Tenn., (A. F. Rebman, III, Spears, Reynolds, Moore & Rebman, Chattanooga, Tenn., on the brief), for appellee.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

PER CURIAM.

█ This is an appeal from a judgment of the District Court entered upon a jury verdict in an action for damages for the loss of jewelry (valued at approximately $50,000) contained in cases checked in appellee's hotel, where appellant's salesman was a guest. The applicable statute is Section 6680 of the Tennessee Code, which protects innkeepers from liability provided they have a safe or other convenient place for the safekeeping of jewels and other property named, and provided that proper notice of the availability of such depository is posted in each room occupied by guests. If these statutory provisions are complied with and a guest fails to place jewels or other property named in the place for safekeeping, the guest cannot recover. If the statutory provisions are not met by the innkeeper, the guest may recover under the common law.

█ The statute also provides in substance that, where the innkeeper has a place for safekeeping and gives the proper notice and the guest places the jewelry in the depository and there is a loss, the limit of recovery is $300.00 unless the proprietor and the guest have contracted for a greater liability.

It is undisputed that appellant's salesman without notifying any hotel official or employee of the contents of his suitcases or bags placed them for deposit and took a receipt therefor. The evidence upon other material issues of the case was in conflict. The court submitted to the jury the questions whether, under the statute, the innkeeper had provided a safe or other convenient place for the keeping of the valuables described in the statute, and whether there was proper notice of that fact posted in the room occupied by appellant's salesman. The jury by its verdict evidently found that there was such a depository provided and that proper notice was posted. This being the case, under the statute, as no contract had been made between appellee and the guest imposing a greater liability upon appellee, the limit of recovery was $300.00. No objection or exception was taken to the charge. The court correctly submitted the case to the jury and correctly applied the Tennessee law.

As no reversible error appears in the record the judgment of the District Court is affirmed upon the grounds and for the reasons stated in the memorandum opinion of the District Court on motion for new trial. 136 F.Supp. 372.