[Civ. No. 8279. Third Dist. Jan. 29, 1954.]

C. A. RICKETTS, Plaintiff and Appellant, v. THE MORE-
HEAD COMPANY, INC. (a Corporation), Respondent;
WILLIAM HEATER et al., Defendants and Appellants.

Goldstein, Barceloux & Goldstein, J. Oscar Goldstein, P. M. Barceloux and Burton J. Goldstein for Plaintiff and Appellant.

Peters & Peters for Defendants and Appellant.

Price & Morony for Respondent.

SCHOTTKY, J.—Plaintiff above named recovered judgment against defendant The Morehead Company, Inc., for $250 and against defendants Heater for $1,500. Defendants Heater and plaintiff Ricketts have appealed from the judgment and the appeals are on the judgment roll alone.

The material facts as they appear from the pleadings and findings are as follows:

The Morehead Company, Inc., a corporation, was the owner and proprietor of a hotel in Chico, California, known as the Travelers Hotel. The hotel was managed by William Heater and his wife, Cora Heater, as comanagers, and the trial court found in this regard that the Heaters were the servants, agents and employees of the corporation. A safe was maintained in the hotel for the safekeeping of money, jewelry and other valuables belonging to the guests, and notice of this was posted in the hotel office and in the rooms occupied by the guests. A similar notice was printed on the registration forms filled out by the guests. There is no contention that either the safe or the giving of notice fell short of the requirements set out in section 1860 of the Civil Code which limits the liability of a hotel keeper, under certain circumstances, for loss of or damage to valuables belonging to the guests.

One C. A. Ricketts was a guest at the hotel when, on May 13, 1949, he delivered certain money and jewelry for deposit in the safe. It is not clear whether actual delivery was made to Mrs. Heater alone, or to both Mr. and Mrs. Heater. When Ricketts later asked for his property it was not in the safe and it has never been redelivered to him. It does not appear what became of the property or who removed it from the safe, except for the finding, with respect to the fourth cause of action, that the Doe defendants had expropriated it and carried it away. Ricketts did not inform either the corporation or Mr. and Mrs. Heater as to the amount of money or the value of the jewelry so deposited for safekeeping, nor was he given any receipt for the property prior to the loss. Ricketts brought an action for recovery of the value of the property so deposited.

The complaint states four alleged causes of action: First, a cause of action against the corporation for breach of the contract of bailment; second, a cause of action against the corporation for negligence; third, a cause of action against the Heaters for negligence; and fourth, a cause of action against unknown Doe defendants for conversion. The trial court found, with respect to the second cause of action, that

Ricketts delivered the money and jewelry to Mrs. Heater as agent and/or manager of the corporation, and that the corporation, by and through its agents, servants and employees, including Mrs. Heater, negligently and carelessly kept said property so that it was lost or stolen. However, regarding the third cause of action, the court found that Ricketts delivered the property to both of the Heaters as managers and agents of the corporation, and that the Heaters placed the property in a deposit box in the safe and then carelessly and negligently placed the keys to the box in the cash register, knowing that the keys were thus accessible to other employees.

The corporation tendered $250 to Ricketts prior to the commencement of the action and, upon answering the complaint, deposited the money in court. The Heaters acknowledged liability for the loss, also before the commencement of the action, and paid $500 to Ricketts on account thereof. The case was tried by the court, sitting without a jury.

The trial court found that the value of the property was $2,250, and gave judgment in favor of Ricketts and against the corporation and the Heaters. The judgment against the corporation is for $250 (already paid into court), and that against the Heaters is for $1,500 (being $2,250, the full value of the property, less the $500 previously paid by the Heaters and the $250 paid into court by the corporation). The court explained, in a written opinion which is included in the judgment roll, that the corporation's liability was limited to $250 by reason of section 1860 of the Civil Code, but that this limitation of liability did not apply to the Heaters. The Heaters, claiming that the limitation does apply to them, have appealed from the judgment against them. Ricketts, claiming that the limitation does not apply to the corporation, has appealed from the judgment against the corporation.

While there are two separate appeals in the instant case the basic question involved is a construction of section 1860 of the Civil Code, which provides as follows:

"If an innkeeper, hotel keeper . . . or lodging house keeper, keeps a fireproof safe and gives notice to a guest . . . or lodger, either personally or by putting up a printed notice in a prominent place in the office or room occupied by the guest . . . or lodger, that he keeps such a safe and will not be liable for [specified articles of personal property] or other articles of unusual value and small compass, unless placed therein, he is not liable; except so far as his own acts shall contribute

thereto, for any loss of or injury to such articles, if not deposited with him to be placed therein, nor in any case for more than the sum of two hundred fifty dollars ($250) for any or all such property . . . unless he shall have given a receipt in writing therefor to such guest . . . or lodger.''

■ This section is analyzed and its purpose clearly stated by our Supreme Court in the case of *Gardner* v. *Jonathan Club,* 35 Cal.2d 343, at pages 347, 349 [217 P.2d 961], as follows:

''Before the amendment of sections 1859 and 1860 to substantially their present form in 1895, an innkeeper, like a common carrier, was liable as an insurer for loss of or injury to the goods of his guests. (*Mateer* v. *Brown,* 1 Cal. 221, 227.) Under the statutes as amended, however, his liability is that of a depositary for hire. To impose liability on him for loss of the property of his guests, the loss must be caused by his own negligence or dishonesty or that of his employees.

■ If a bailor alleges and proves the deposit of property with the bailee, a demand therefor, and the failure of the bailee to redeliver, the burden of proof rests upon the bailee to explain his failure. (*George* v. *Bekins Van & Storage Co.,* 33 Cal.2d 834, 839-841 [205 P.2d 1037]; *U Drive & Tour, Ltd.* v. *System Auto Parks, Ltd.,* 28 Cal.App.2d Supp. 782, 784 [71 P.2d 354]; *Cussen* v. *Southern Calif. Savings Bank,* 133 Cal. 534, 537 [65 P. 1099, 85 Am.St.Rep. 221]; *Dieterle* v. *Bekin,* 143 Cal. 683, 687 [77 P. 664].) ■ If he fails to prove that the loss did not result from the aforementioned cause, he is liable for that loss under sections 1859 and 1860, but his liability is limited to the specified amounts unless he has assumed a greater liability or has himself stolen the property. Since defendant is a corporation it can act only through its employees. By its motion for summary judgment for plaintiff for $250, defendant conceded that the loss resulted from the negligence or theft of its employees. Section 1860 limits its liability therefor unless it gave a receipt in writing for the contents of the envelope, and summary judgment for that amount was proper unless such a receipt was given.

■ ''It is contended, however, that if the loss resulted from theft by an employee, the $250 limitation is inapplicable, and plaintiff is therefore entitled to a trial on the issue of theft. We cannot agree. Section 1860 unequivocally limits liability for loss 'in any case' to $250; it does not except losses caused by employees' dishonesty. The same is true

of the provision of section 1859 that 'in no case' shall liability exceed the specified amounts. Neither statute furnishes support for the contention that the limitation was not designed to apply to losses resulting from theft by an employee of the innkeeper.

. ■ . . . . . . . . . . .
"Sections 1859 and 1860 are designed to relieve the innkeeper from his insurer's responsibility, 'to protect [him] from an undisclosed liability' for the deposited property. ■ They are as applicable to losses resulting from theft by employees as to losses from negligence. Theft by an employee is often the cause of such losses (see, *Millhiser* v. *Beau Site Co.*, 251 N.Y. 290, 294 [167 N.E. 447]; *Muehlebach* v. *Paso Robles Spring Hotel*, 65 Cal.App. 634, 640 [225 P. 19]), and cannot be excluded from the operation of sections 1859 and 1860 without vitiating their terms and purpose."

### The Heaters' Appeal

As hereinbefore stated, the Heaters, comanagers of the hotel, have appealed and it is their main contention that the judgment against them should have been limited to $250, in accordance with section 1860 of the Civil Code.

■ Said appellants argue that they were in charge of the hotel as managers, i. e., were keeping the hotel and that therefore they were "hotel keepers" within the meaning of the statute. While they cite no authority there is much merit in their argument. For although a hotel keeper has been defined as the proprietor of a hotel as distinguished from an employee (43 C.J.S. 1135; 28 Am.Jur. 539), and the trial court found that defendant corporation was the proprietor of the hotel and appellants Heater were the agents, servants and employees of the corporation, yet as stated in *Gardner* v. *Jonathan Club, supra,* a corporation can only act through its employees, and we believe that, for the purposes of the statute here involved, it must be considered that there is only one hotel operation and one hotel keeper, or set of hotel keepers, and that the corporation and its managers engaged in conducting the hotel are the hotel keeper or innkeeper.

Plaintiff Ricketts in reply contends (1) that appellants Heater were not innkeepers within the meaning of the code provision, and (2) that, even if they were, their liability would not be limited, because section 1860 of the Civil Code

does not exempt an innkeeper from full liability for his own negligent acts. It should be noted that section 1860 applies to "innkeepers" as well as to "hotel keepers," and that although there is a distinction between an inn and a hotel the words are sometimes used interchangeably. (14 Cal. Jur. 317.)

We are unable to agree with either contention of plaintiff. .We believe that it was the intention of the Legislature in enacting section 1860 in its present form to limit the amount that a hotel guest could recover, where the hotel kept a fireproof safe and gave due notice thereof, to the sum of $250 unless the guest shall have been given a receipt. As stated in *Gardner* v. *Jonathan Club, supra,* at page 350:

"Sections 1859 and 1860 were designed to cover an innkeeper's liability for all articles of personal property carried by his guests. They have a common purpose and must be read together. In each section, the reason for the exception to the liability limitation is clear. Should a guest wish protection in excess of the statutory limitation, he must declare the value of his property to give the innkeeper an opportunity to confirm the estimate of value. He can then refuse to assume the greater liability or if he assumes it he can take proper precautions for the protection of the property. Liability in excess of the statutory limitation is thus based on the innkeeper's agreement to assume it."

A case involving a statute similar to section 1860 of our Civil Code, and cited with approval by our Supreme Court in *Gardner* v. *Jonathan Club, supra,* is *Goodwin* v. *Georgian Hotel Co.,* 197 Wash. 173 [84 P.2d 681, 119 A.L.R. 788]. In that case the Supreme Court of Washington said at page 686 [84 P.2d]:

"The statute clearly intended that, upon compliance with its requirements, the liability of the hotelkeeper should be limited to $1,000. In enacting the statute, the purpose of the legislature was to compel the hotelkeeper to provide a safe or vault for the safekeeping of the property of his guests, but at the same time to set a limit upon the amount, in value, of property which the hotelkeeper could be compelled to receive or assume liability for, except by a specific agreement in writing. Beyond that limit, the guest who has been properly notified according to the terms of the statute is forced to assume the risk of loss unless he makes a different arrangement with the hotelkeeper. It is apparent that the statute

intended to create mutual and reciprocal duties and rights between the hotelkeeper and his guests and in that way to prescribe and maintain a fair and reasonable balance of protection to both. The reason for such limitation, is we think, practically and legally sound.''

We think it is clear from the foregoing decisions and from an analysis of language and purpose of the statute, that the plaintiff in the instant case was only entitled to recover the sum of $250, jointly and severally, against all defendants and that the judgment against appellants Heater for any sum in excess of that amount cannot be sustained. We do not believe that it was ever the intention of the Legislature by said statute to permit a recovery in such a case against a corporation owning and operating a hotel and also to permit a recovery of an additional $250, or more, against the manager or managers who were physically conducting the hotel business for the corporation. Such a construction is neither required nor justified by the language of the statute, and would in our opinion nullify the purpose of the statute and be in conflict with its spirit and intent.

Since it appears from plaintiff Ricketts' answer to the cross-complaint of defendants Heater and also from the findings of fact that defendants Heater voluntarily paid to plaintiff the sum of $500 after said loss was incurred, which sum was in excess of the amount of the judgment that could properly have been awarded against the Heaters, the judgment against the Heaters in the sum of $1,500 should be reversed with directions to enter judgment in their favor.

### Plaintiff Ricketts' Appeal

As hereinbefore stated, the appeal of plaintiff Ricketts is based upon his contention that the court erred in limiting his recovery against the hotel corporation to $250. Plaintiff's sole argument is that the loss to plaintiff was caused by the corporation's negligence and that therefore the statutory limitation does not apply. This same argument was made by plaintiff in reply to the Heaters' appeal, and, as hereinbefore pointed out, the Supreme Court, in *Gardner* v. *Jonathan Club, supra,* has decided adversely to plaintiff's contention. There is, therefore, no merit in the contention that the judgment against the defendant Morehead Company for $250 should be reversed and judgment entered against it for the sum of $1,500.

In view of the foregoing, that portion of the judgment which awards plaintiff the sum of $1,500 against defendants and appellants Heater is reversed, with directions to enter judgment in favor of said defendants; and in all other respects the judgment is affirmed. Defendants and appellants Heater and defendant and respondent The Morehead Company, Inc., to recover their costs on appeal.

Peek, J., and Paulsen, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.