Edward **KALPAKIAN,** Lucy **Kalpakian,** Fidelity and Guaranty Insurance Underwriters, Inc., Employers' Surplus Lines Company, Seven Provinces Insurance Company, Ltd. and Mission Insurance Company, Appellants,

v.

**OKLAHOMA SHERATON CORPORA-TION,** a corporation, Appellee.

No. 9641.

United States Court of Appeals Tenth Circuit.

July 22, 1968.

J. M. Sheehan, of McClelland, Collins, Sheehan, Bailey & Bailey, and John B. Hayes, of Watts, Looney, Nichols & Johnson, Oklahoma City, Okl. (Robert Blanchard, of Hastings, Blanchard & Hastings, Los Angeles, Cal., with them on the brief), for appellants.

Wm. J. Holloway, Jr., Oklahoma City, Okl. (L. E. Stringer, of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., and N. Ronald Silberstein, Boston, Mass., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

PICKETT, Circuit Judge.

Appellants, Edward Kalpakian and Lucy Kalpakian, instituted this action to recover damages in the amount of $286,546.00, incurred as a result of the disappearance of jewelry belonging to them from a safety deposit box provided for guests by appellee, Oklahoma-Sheraton Corporation, the operator of a hotel in Oklahoma City, Oklahoma. The insurance carriers partially indemnified Kalpakian for the loss and are now appearing as subrogees to the extent of their payments. Upon consideration of the pleadings, affidavits and depositions, the trial court concluded that a recovery by Kalpakian could not exceed $1500.00, and granted the hotel's motion for summary judgment. Leave was given at that time to file an interlocutory appeal, and upon denial of that application by this court,[1] the judgment dismissing the action was made final. The principal issue raised on this appeal is whether the Oklahoma

1. In denying the application, the court stated: "If the order of the District Court limiting the maximum allowable recovery to the sum of $1500 is correct, such ruling establishes with legal certainty the lack of jurisdiction of the court to entertain this diversity action."

statutes relating to liability of hotel operators preclude recovery by a hotel guest for loss of property from the hotel's safety deposit boxes resulting from negligence of the hotel.

While on a selling trip, Edward Kalpakian, who with his wife Lucy is engaged in the wholesale and retail jewelry business, registered at the Sheraton in Oklahoma City on the evening of September 25, 1962.[2] He immediately requested a deposit box in the hotel vault in which to deposit his jewelry. Apparently he informed the hotel employee at the cashier's cage that he had "valuables" he wished to protect. The hotel maintained several sizes of deposit boxes, and at that hour no box of sufficient size to hold the case containing Kalpakian's jewelry was available.[3] It was necessary, therefore, to use a smaller box, which entailed removing the chamois rolls containing the jewelry from the bag prior to placing them in the safety deposit box. The following morning a larger box became available, and after removing his jewelry from the smaller box, he reserved the larger box for use later that day. A different employee was on duty at that time, and upon request Kalpakian signed a printed form then used by the hotel in connection with its safety deposit service. The form was designated "Oklahoma Biltmore Hotel Safe Deposit Box Agreement." In addition to stating that safety deposit boxes were available for hotel guests and referring to the return of the key, the instrument contained the following statement: "The maximum value of the property deposited shall not exceed $1500.00." The boxes could be opened only by the joint use of the hotel's master key and the key to the particular box issued to the guest. When Kalpakian returned later in the day, this procedure was followed and the case containing the jewelry was deposited. After the box was locked, Kalpakian retained his key. Upon opening the box the next morning, the case and jewelry had been removed and have not been subsequently found. It appears from the record that during the night a person other than Kalpakian appeared at the clerk's desk with a key to Kalpakian's box and requested entrance thereto, which was granted by the clerk.

The prevailing view at common law was that an innkeeper was liable as an insurer for the property lost by a person while a guest in the inn. 43 C.J.S. Innkeepers § 15. This view was reflected in the Oklahoma Statutes, 1890, § 2752, (see Busby Hotel & Theatre Co. v. Thom, 125 Okl. 239, 257 P. 314), and in the same year the Oklahoma legislature provided a means by which an innkeeper might limit his liability by providing a safe for the valuables of his guests.[4] Implicit in the opinions of the Oklahoma Supreme Court construing this first statutory modification of the common law rule was the view that even though the hotel complied with the provisions of the statute, it would remain liable to guests for the negligent loss of their property. Ketchum v. Gordon, 151 Okl. 240, 298 P. 605; Huckins Hotel Co. v. Hooper, 44 Okl. 307, 144 P. 177. Following these decisions, the statutes under consideration here were enacted in 1939 significantly changing the liability of a hotel for the loss of a guest's property.

2. The registration card which Kalpakian signed contained the following notice: "Money, Jewels and other Valuables must be placed in the office, otherwise the Management will not be responsible for any loss."

3. The case, made of tan colored leather, was about 24 inches long, 20 inches high and 10 inches thick.

4. Okl.Stat.1890 § 2753, Comp.Stat.1921 § 5211, provided as follows: "If any innkeeper or boardinghouse keeper keeps a fireproof safe, and gives notice to a guest or boarder, either personally or by putting up a printed notice in a prominent place in the room occupied by the guest or boarder, that he keeps such a safe and will not be liable for money, jewelry, documents or other articles of unusual value and small compass unless placed therein, he is not liable, except so far as his own acts contribute thereto, for any loss of, or injury to, such article, if not deposited with him, and not required by the guest or boarder for present use."

15 Okl.St.Ann. §§ 501, 503, 503a and 503b fix the liability of the operator, manager or owner of a hotel in Oklahoma for loss of personal property belonging to guests. Section 503 makes it the duty of the hotel to equip the doors of all guest rooms with suitable night latches, night chains or bolts, placed on the inside of the doors to prevent opening from the outside by key or otherwise. Section 503a[5] relates to hotels which provide a safe, vault or other depository for the safekeeping of valuables described therein. Notice that such safe, vault or other depository is available to guests shall be given by posting a notice in a public and conspicuous place and manner in the office or public rooms, or in the parlors or guest rooms of the hotel. The statute provides that if after notice, a hotel guest neglects to deposit valuables in the hotel depository, the hotel shall not be liable for any loss of property belonging to a guest, regardless of the cause. But when valuables are delivered for deposit, the statute requires that the guest shall at that time advise the person in charge of the hotel office of the actual value of the property, and the hotel is not required to accept property for deposit exceeding the value of $300. If there is a loss of deposited property, the hotel is liable only for the actual value thereof "in no event exceeding the sum of Three Hundred Dollars ($300.00)." The hotel, however, may by special agreement in writing with a guest, receive property of greater value than $300 and assume liability as shall be provided for in the written agreement.

The manifest purpose of Section 503a is to protect a hotel against undisclosed excessive liability when it furnishes for its guests safety deposit facilities, and to provide a method for accepting greater liability by written agreement if the hotel management desires. The decision to accept greater responsibility can be made only after the hotel guest has notified the hotel of the actual value of the deposited property. The statutory duty to give the notice of value is upon the guest. When the hotel knows the value of the property to be deposited, it may then determine whether it desires to accept the deposit and assume responsibility for its loss.

5. 15 Okl.St.Ann. § 503a provides as follows:

"Whenever the proprietor, manager or operator of any hotel, apartment hotel or inn shall provide a safe, vault or other depository for the safekeeping of any money, jewels, ornaments, bank notes, bonds, negotiable securities, or other valuable papers, precious stones, railroad tickets, articles of gold or silver manufacture, or other valuable property of small compass, belonging to guests of said hotel, apartment hotel or inn, and shall notify the guests thereof by posting a notice in a public and conspicuous place and manner in the office or public rooms, or in the public parlors, or in the guest rooms for said hotel, apartment hotel or inn, stating the fact that such safe, vault or other depository is provided, in which such property may be deposited, and if such guest shall neglect to deliver such property to the person in charge of such office, for deposit in such safe, vault or other depository, the proprietor, manager or operator of such hotel, apartment hotel or inn shall not be liable for any loss of any such property, sustained by such guest, whether by negligence of such proprietor, manager or operator, or his, her, or its servants, or employees, or by fire, theft, burglary or any other cause. Such guest shall, at the time of delivering such property to the person in charge of the office of such hotel, apartment hotel or inn, advise such person of the actual value of such property, and no proprietor, manager or operator or person in charge of the office of such hotel, apartment hotel or inn shall be required to receive property on deposit for safekeeping exceeding Three Hundred Dollars ($300.-00) in value; and in case of loss of any such property so deposited for safekeeping, the proprietor, manager or operator of such hotel, apartment hotel or inn shall be liable only for the actual market or pecuniary value of such property, in no event exceeding the sum of Three Hundred Dollars ($300.00). Provided, that the proprietor, manager or operator of any hotel, apartment hotel or inn may, by special agreement in writing with any such guest or guests, receive property of greater value than Three Hundred Dollars ($300.00) and assume liability as shall be provided for in such written agreement."

Until the notice of value is given there is no liability for loss of the property beyond the $300.00 limit, regardless of the cause of the loss. As we said in Solomon v. Downtowner of Tulsa, Inc. with reference to a similar notice provision in Section 503b, "Under the Oklahoma Statute, the limitation of liability for loss of merchandise samples depends * * * upon the giving of the required notice by the guest." 357 F.2d 449, 451. The trend of the decisions considering state statutes relating to a hotel's liability for lost property deposited with it, is to strictly construe the obligation of a hotel guest to disclose the value of deposited property and to refuse to impose on hotels without notice a greater liability than the statutory amount, regardless of negligence. Oppenheimer v. Morton Hotel Corp., W.D.Mich., 210 F.Supp. 609, aff'd 6 Cir., 324 F.2d 766; K. S. K. Jewelry Co. v. Chicago Sheraton Corp., 7 Cir., 283 F.2d 8; Lazare Kaplan & Sons, Inc. v. Pensacola Hotel Co., N.D.Fla., 153 F. Supp. 31, aff'd 5 Cir., 253 F.2d 410; David Karp Co. v. Read House, Inc., 6 Cir., 228 F.2d 185; Chase Rand Corp. v. Pick Hotels Corp. of Youngstown, 167 Ohio St. 299, 147 N.E.2d 849. The practice of pleading tort or negligence to avoid the restriction on liability was rejected in Eichberg & Co. v. Van Orman Fort Wayne Corp., 7 Cir., 248 F.2d 758, cert. denied 356 U.S. 927, 78 S.Ct. 716, 2 L.Ed.2d 759, and Ricketts v. Morehead Co., 122 Cal.App.2d 948, 265 P.2d 963. Kalpakian argues that the statutory provisions do not relieve the hotel from liability for loss of deposited articles if caused by negligence whatever their value. To accept this construction would permit a guest to accomplish by non-disclosure what he could not accomplish by giving notice of value.

██ Kalpakian, when he requested a safety deposit box for his valuables, admittedly did not advise the person in charge of the hotel as to the actual value of the property. He signed an instrument submitted by the hotel which stated that the value of his property did not exceed $1500.00, and there is no evidence that the clerk who accepted the deposit knew that the value of the jewelry was greater than that amount. This instrument amounts to a notice upon which the hotel could rely in concluding whether it would accept liability for the deposited articles and limits recovery to $1500.00 in case of loss for any reason, including negligence.

The remaining contentions that the written notice of value was void, and that there was an issue of fact as to the sufficiency of the posted notice in the hotel are without merit. Although the signed instrument was labeled "Oklahoma Biltmore Safe Deposit Box Agreement", it was in fact used by Oklahoma Sheraton, and Kalpakian, to fix the deposit necessary to obtain a box from the Sheraton—not the Oklahoma Biltmore—and to establish the maximum value of the property deposited. Upon signing the instrument, Kalpakian was assigned and used a box which he knew was the property of Oklahoma Sheraton.

██ The purpose of the statutory requirement that notice of the availability of safety deposit boxes be posted in a conspicuous place is to limit liability of the hotel when there are losses by guests who do not deposit their valuables. Kalpakian had been a guest at the Sheraton on previous occasions. He knew that the safety deposit box facilities were available. He not only used them, but also signed an instrument acknowledging that the value of the property being deposited did not exceed $1500.00. Although the record indicates that the posted notices satisfied the statute, Kalpakian had actual notice and cannot complain of lack of the statutory constructive notice. Continental Supply Co. v. Marshall, D.C.Okl., 52 F.Supp. 717, rev'd on other grounds, 10 Cir., 152 F.2d 300, cert. denied 327 U.S. 803, 66 S.Ct. 962, 90 L.Ed. 1028.

██ The hotel's liability being limited to $1500.00, the court did not err in dismissing the action for lack of jurisdiction. City of Boulder v. Snyder, 10 Cir., 396 F.2d 853.

Affirmed.