**Robert D. KAHN, Plaintiff-Appellant,**

v.

**HOTEL RAMADA OF NEVADA d/b/a Tropicana Hotel and Country Club, Defendant-Appellee.**

No. 85–1739.

United States Court of Appeals,
Fifth Circuit.

Sept. 10, 1986.

Jack N. Price, Austin, Tex., for plaintiff-appellant.

Franny A. Forsman, Las Vegas, Nev., for defendant-appellee.

Before CLARK, Chief Judge, RUBIN and GARZA, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A part-time jewelry broker's luggage containing jewelry and other property allegedly worth over $50,000 was taken from a baggage room at a Las Vegas hotel at which he was a guest. He appeals from a district court order dismissing his federal diversity claim for lack of jurisdictional amount on the ground that a Nevada statute limits hotel liability for stolen property to $750 in the absence of an express waiver of the limitation by the hotel. Because the Nevada statute makes the $750 maximum limit for hotel liability applicable even if the hotel has not complied with the notice requirements of the statute and even if hotel personnel have been grossly negligent, the judgment dismissing the jewelry broker's claim is affirmed.

I.

Robert D. Kahn, a part-time jewelry broker, traveled to Las Vegas, Nevada, in August, 1983, to participate in a "21" tournament and registered at the Tropicana Hotel. Kahn brought along his personal belongings and some jewelry, which he intended to show to customers in Phoenix, Arizona, after completing the tournament. After the tournament had ended, Kahn surrendered his room and checked out of the Tropicana, but, while awaiting his departure, left his luggage, including a briefcase that contained the jewelry, with a bellman. Kahn contends that he informed the bellman that the contents of the briefcase were "important" and that he saw the bellman place the luggage and briefcase in the hotel

baggage room. When he returned to reclaim his luggage less than one hour later, however, Kahn was informed that it could not be located. Later, his briefcase and one valise were found on the second green of the Tropicana golf course, but both were empty. Although certain items of clothing were found in the area where the two pieces of luggage were discovered, neither the jewelry contained in the briefcase nor most of Kahn's other property was recovered. Kahn values the missing property as worth over $50,000.

Kahn alleges that the Tropicana Hotel was guilty of negligence, gross negligence, breach of bailment, and other violations of its duties as innkeeper. After completion of discovery, the Tropicana Hotel filed a motion to dismiss based upon Nev.Rev. Stat. § 651.010 contending that the statute limits the common-law liability of innkeepers for the theft, loss, damage, or destruction of any guest's property to $750 unless the hotel expressly waives the limitation. The district court agreed with the Tropicana's interpretation of Nev.Rev.Stat. § 651.-010 and, because diversity jurisdiction exists only for claims exceeding $10,000, dismissed Kahn's claim for lack of subject-matter jurisdiction.[1]

## II.

Under the common law, an innkeeper is responsible for the safety of property entrusted to his care by a guest and may exonerate himself only by showing that the loss or injury suffered by his guest resulted from an act of God or a public enemy, from the fault of the guest himself or some other person for whose acts the guest is responsible, or from some irresistable force or inevitable accident that brought about the loss without fault on the innkeeper's part.[2] Nevada adheres to this view of the common law.[3] Like most, if not all, other states, Nevada has determined that the common law rule is too harsh and has

enacted Nevada's Rev.Stat. § 651.010 (1979) to limit its stringency. That statute reads:

1. No owner or keeper of any hotel, inn, motel, motor court, boardinghouse or lodging-house in this state is civilly liable for the theft, loss, damage or destruction of any property left in the room of any guest of such an establishment because of theft, burglary, fire or otherwise, in the absence of gross neglect by the owner or keeper.

2. If any owner or keeper of any hotel, inn, motel, motor court, boardinghouse or lodging-house in this state provides a fireproof safe or vault in which guests may deposit property for safekeeping, and notice of this service is personally given to a guest or posted in the office and the guest's room, the owner or keeper is not liable for the theft, loss, damage or destruction of any property which is not offered for deposit in the safe or vault by a guest unless the owner or keeper is grossly negligent. An owner or keeper is not obligated to receive property or deposit for safekeeping which exceeds $750 in value or is of a size which cannot easily fit within the safe or vault.

3. The liability of the owner or keeper *under this section* does not exceed the sum of $750 for any property of an individual guest, unless the owner or keeper receives the *property for deposit or safekeeping and consents to assume a liability greater than $750 for its theft, loss, damage, or destruction in a written agreement in which the guest specifies the value of the property.* (Emphasis added.)

The second and third paragraphs were added by a 1979 amendment introduced in response to court decisions that had granted large damage awards to hotel guests despite the existence of statutory guidelines

---

1. 28 U.S.C. § 1332 (1976).

2. For a general discussion of these principles, see 40 Am.Jur.2d, Hotels, Motels, etc., § 126; 43(a) C.J.S., Inns, Hotels, etc., § 36.

3. *Cloward v. Pappas,* 79 Nev. 482, 387 P.2d 97, 99 (1963).

that were intended to provide the means for determining whether security measures taken by hotel owners were sufficient.[4]

In the absence of the words "under this section," paragraph three of the statute would limit the innkeeper's liability in all instances. The scope of that paragraph, however, is obscured by the insertion of those words.

Literally read, the words "liability . . . under this section" might make the third paragraph meaningless, for the "section" does not impose liability, but provides limitations on the liability that exists at common law. If, therefore, paragraph three is to be read to have any meaning, it must be read to limit the liability of the innkeeper in at least some instances when liability would exist under the common law as narrowed by paragraphs 1 and 2.

■ In interpreting a statute that is both remedial and in derogation of the common law, courts strictly construe the question whether the statute modifies the common law but, if it is clear that the legislature intended to change the common-law rule, liberally construe application of the new rule.[5] Applying these rules to the Nevada statute, we find that the most coherent reading of the statute as a whole makes the $750 maximum applicable when a guest's property is lost as a result of the gross negligence of the innkeeper except when the innkeeper has waived its application.

The first paragraph of § 651.010 relieves the innkeeper of all liability, save when grossly negligent, for property in a guest's room. The second paragraph relieves the innkeeper of all liability, save when grossly negligent, for property not in a guest's room *if* the innkeeper provides a safe and gives notice that it is available. If property is deposited in the safe, the innkeeper's liability is implicitly limited by the require-

ment of a declaration of its value. Neither paragraph contains any provision to limit liability for gross negligence.

Kahn suggests that the third paragraph should be interpreted as referring only to liability explicitly imposed by the statute. If the statute is so read, however, a grossly negligent innkeeper would be held liable for only $750 if property were taken from a guest's room (whether or not the innkeeper provides a safe) whereas an only slightly negligent innkeeper who provided no safe to his guests would be subject to unlimited liability for theft of property left in the hotel lobby. It would be anomalous to impose greater liability on the innkeeper for property left by a guest in the lobby than for property left in the guest's room. If our interpretation of the third paragraph is to avoid this anomaly and give that paragraph any significant meaning, it must be read to limit the innkeeper's liability for gross negligence with regard both to property taken from a guest's room (the risk not reached by paragraph 1) or elsewhere (the risk not reached by paragraph 2). Although this reading leaves guests with less protection than Kahn's interpretation, it is consistent with the ascertainable intent of the statute as a whole and provides reconcilable results in different foreseeable circumstances.

■ We recognize that our interpretation of the statute limits to $750 the liability of even a grossly negligent innkeeper who provides his guests no safe. But this interpretation—limiting liability in all instances of negligence except when the innkeeper consents to assume more responsibility—appears to provide the outcome the Nevada legislature intended. In the absence of any suggestion that Kahn might have relied on some other reading of the statute, we interpret its awkward language

---

4. *See* Minutes of the Nevada State Legislature on S.B. 491, Assembly Committee on Commerce, May 8, 1979, at 2–3.

5. *See, e.g., Archer v. Equitable Loan Assurance Society,* 218 N.Y. 18, 112 N.E. 433 (1916); *Ex Parte Dexter,* 93 Vt. 304, 107 A. 134 (1919);

*Chicago, B. & Q.R. Ry. Co. v. Dunn,* 52 Ill. 260, 4 Am.Rep. 606 (1867); *Stem v. Nashville Interurban Ry.,* 142 Tenn. 494, 221 S.W. 192 (1919); *Robinson v. Harmon,* 157 Mich. 276, 122 N.W. 106 (1909).

as we think the Nevada legislature intended and as we think a Nevada court would.

For these reasons, we find that Kahn could not recover more than $750 even if he proved gross negligence, and AFFIRM the district court's order dismissing the action for lack of jurisdictional amount.