No. 60,849

Nova Stylings, Inc., *Plaintiff*, v. Red Roof Inns, Inc., *Defendant*.
(747 P.2d 107)

Opinion filed December 11, 1987.

*Kent Sullivan,* of Morrison, Hecker, Curtis, Kuder & Parrish, of Overland Park, argued the cause, and *Pamela G. Kohler, A. Bradley Bodamer,* and *Michael J. Jerde,* of the same firm, were with him on the briefs for defendant.

*Joel K. Goldman,* of Shamberg, Johnson, Bergman & Goldman, Chartered, of Overland Park, argued the cause, and *Arthur A. Chaykin,* of the same firm, and *Howard L. Rossof,* of Rossof, Shiffres & Barta, of Los Angeles, California, were with him on the brief for plaintiff.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This case was filed in the United States District Court for the District of Kansas and comes before this court by certification pursuant to the Uniform Certification of Questions of Law Act, K.S.A. 60-3201 *et seq.* We accepted certification.

The order from the United States District Court provides, in part:

"Pursuant to K.S.A. 60-3201 *et seq.*, this court, upon its own motion, hereby certifies to the Kansas Supreme Court the following questions of Kansas law, which are deemed to be determinative of this action and as to which no controlling precedent exists in the decisions of the Kansas Supreme Court or Kansas Court of Appeals:

"(1) Whether K.S.A. 36-402 abrogates the common law liability of an innkeeper for negligence in caring for a guest's property?

"(2) Whether the provisions of K.S.A. 36-402(b) (dealing with the loss of sample merchandise) or K.S.A. 36-402(c) (dealing with the loss of jewelry) apply to the loss of sample merchandise consisting of jewelry?

"(3)(a) If K.S.A. 36-402(b) applies, whether that subsection imposes any affirmative duty upon the innkeeper to ask a guest, who requests the inn to safekeep his property without disclosing the nature of the property, to identify the property and provide an itemized list thereof?

"(b) If K.S.A. 36-402(c) applies, whether, under similar circumstances, that subsection imposes an affirmative duty upon the innkeeper to (1) ask the guest to identify the property and provide an itemized list thereof and (2) provide the guest with a receipt?

"(4) Whether K.S.A. 36-402 applies to limit an innkeeper's liability for the loss of property not belonging to a guest, when the guest fails to notify the inn that the property belongs to another?"

The facts as certified by Chief Judge Earl E. O'Connor are as follows:

"This case arises out of the theft of property owned by the plaintiff from the defendant motel, Red Roof Inns, Inc. Darryl Kulwin was employed by plaintiff as a jewelry salesperson. In that capacity, Kulwin traveled throughout the country carrying with him jewelry, owned and manufactured by plaintiff, to show to prospective buyers. Panoria Ruston was a guest registered with the Red Roof Inn in Overland Park, Kansas. Ruston and Kulwin met at the inn and later made plans to leave to go to dinner. Kulwin asked Ruston to make arrangements with the desk clerk to leave his sample case in the office of the inn while they went out to dinner. Ruston asked the desk clerk if she could leave 'her bag' in the office of the inn. The clerk allowed Ruston to place the bag in the manager's office. An unidentified person obtained access to the manager's office with the clerk's knowledge and removed the case from the office.

"Neither Kulwin nor Ruston notified the clerk or any employee of Red Roof that the case contained jewelry samples, nor did they provide the clerk with an itemized list of the jewelry contained in the case. Ruston did, however, advise the clerk that the contents of the case were valuable and that it was only to be released to her. There was no specific written agreement between defendant and plaintiff that Red Roof Inn assumed liability for loss of the contents of the case. At all times relevant hereto, defendant had posted a copy of the applicable Kansas statutes, K.S.A. 36-401 et seq., governing the safekeeping of property for guests by an innkeeper in every guest room of the inn.

"Plaintiff's complaint alleges that defendant did not comply with the applicable Kansas statutes, K.S.A. 36-401 et seq., in that the clerk failed to ask Ruston for the identity of the contents of the bag and their value, and failed to issue a receipt for the bag. The complaint claims that the inn is liable to plaintiff for negligence in its own right and vicariously liable for the negligence of its clerk. Plaintiff seeks damages in the amount of $650,000.00, the claimed value of the lost jewelry."

The defendant, Red Roof Inns, filed a motion for summary judgment, alleging, first, that plaintiff Nova Stylings failed to meet the requirements of K.S.A. 36-402(b), and second, that the common-law liability of an innkeeper for negligence in caring for a guest's property has been abrogated by K.S.A. 36-401 et seq. The United States District Court, pursuant to K.S.A. 60-3201 et seq., certified four questions of law to this court.

It is the contention of the plaintiff that the first certified question should be answered in the negative. Plaintiff argues that the provisions of K.S.A. 36-402 were intended only to alleviate the common-law rule imposing strict liability on innkeepers for the loss of their guests' property, and that the statute provides no protection for an innkeeper who negligently causes the loss of the guests' property. We disagree. K.S.A. 36-402(b) provides:

"No hotel or motel keeper in this state shall be liable for the loss of, or damage to, merchandise for sale or samples belonging to a guest, lodger or boarder unless the guest, lodger or boarder upon entering the hotel or motel, shall give notice of having merchandise for sale or samples in his possession, together with an itemized list of such property, to the hotel or motel keeper, or his authorized agent or clerk in the registration office of the hotel or motel. No hotel or motel keeper shall be liable for any loss of such property designated in this subsection (b), after notice and itemized statement having been given and delivered as aforesaid, in an amount in excess of two hundred fifty dollars ($250), unless such hotel or motel keeper, by specific agreement in writing, individually, or by an authorized agent or clerk in charge of the registration office of the hotel or motel, shall voluntarily assume liability for a larger amount with reference to such property. The hotel or motel keeper shall not be compelled to receive such guests, lodgers or boarders with merchandise for sale or samples."

Plaintiff's attempt to create an ambiguity in the statute is not persuasive. The statute unambiguously provides that, where the guest fails to give notice to the innkeeper of having merchandise for sale or samples in his possession upon entering the inn, "[n]o hotel or motel keeper in this state shall be liable for the loss of, or damage to, merchandise for sale or samples belonging to a guest." The express, plain, and unambiguous wording of K.S.A. 36-402(b) extends the scope of the subsection to include actions for negligence. "When a statute is plain and unambiguous [a] court must give effect to the intention of the legislature as expressed [in the plain language of the statute], rather than determine what the law should or should not be." *Johnson v. McArthur*, 226 Kan. 128, 135, 596 P.2d 148 (1979). The plaintiff is correct that statutes in derogation of common-law rights should be strictly construed; however, that is not a license for this court to ignore the plain and unambiguous wording of the statute. Such statutes cannot be so strictly construed as to violate the plain meaning of the statute.

Kansas has never expressly adopted the common-law rule that an innkeeper acts as an insurer of his guests' property, although the common-law view was implicitly accepted in *Johnson v. Reynolds*, 3 Kan. 257, 262 (1865). Consequently, both parties rely extensively upon decisions from other jurisdictions concerning the issue of whether statutes protecting innkeepers from liability for loss of their guests' property include actions based upon negligence.

In *Kahn v. Hotel Ramada of Nevada,* 799 F.2d 199, 201 (5th Cir. 1986), the Fifth Circuit Court of Appeals interpreted a Nevada statute to include actions alleging negligence. The issue in *Kahn* was the scope of Nev. Rev. Stat. § 651.010(3) (1979), which provided a $750 limit on an innkeeper's liability except where the innkeeper receives the property for deposit or safe-keeping and consents in writing to a greater liability in case of loss or damage to the property. Unlike the first two subsections of the statute, subsection (3) did not exempt the grossly negligent innkeeper from its protection. The plaintiff in *Kahn,* alleging, among other things, that the defendant hotel had caused the loss of his property through its negligence, contended that subsection (3) provided protection only for innkeepers who were grossly negligent and who were excluded from the protections of sub-sections (1) and (2). The Fifth Circuit disagreed with the plaintiff's argument, finding that subsection (3) provided a limitation on an innkeeper's liability "in all instances of negligence except when the innkeeper consents to assume more responsibility." *Kahn,* 799 F.2d at 202.

The same result was reached in *Link-Simon, Inc. v. Muehle-bach Hotel, Inc.,* 374 F. Supp. 789 (W.D. Mo. 1974). The plaintiff, a jewelry salesman, filed suit against the defendant hotel, contending that it had caused his property to be lost through its negligence. The plaintiff contended that Mo. Rev. Stat. § 419.030 (1969) provided no protection for the innkeeper, arguing that the law was directed merely at ending the innkeeper's common-law liability as insurer of a guest's property and did not bar actions alleging negligence. 374 F. Supp. at 791. The court rejected the plaintiff's interpretation of Mo. Rev. Stat. § 419.030, finding that "it appears that the legislature has completely covered the common law liability of innkeepers—both as to strict liability and negligence liability." 374 F. Supp. at 795.

California has also rejected the position advanced here by plaintiff. In *Ricketts v. Morehead Co., Inc.,* 122 Cal. App. 2d 948, 265 P.2d 963 (1954), the issue before the court involved interpretation of the last clause of Cal. Civ. Code § 1860 (West 1954), which provided that an innkeeper would not be liable "in any case for more than the sum of two hundred fifty dollars ($250) for any or all such property . . . unless he shall have given a receipt

in writing therefor to such guest." 122 Cal. App. 2d at 952. The plaintiff in *Ricketts* contended that the $250 limitation on an innkeeper's liability was intended to alter only the innkeeper's common-law liability, and did not apply where the plaintiff's loss was allegedly caused by the innkeeper's negligence. The California court found that the plaintiff's argument was without merit. 122 Cal. App. 2d at 955. The Supreme Judicial Court of Maine has reached a similar result, interpreting Me. Rev. Stat. ch. 88 §§ 35 and 36 (1944) as not merely eliminating the common-law strict liability of innkeepers, but also providing protection for innkeepers from claims based upon negligent loss of a guest's property. *Levesque v. Columbia Hotel*, 141 Me. 393, 395-97, 44 A.2d 728 (1945).

Finally, in *Kalpakian v. Oklahoma Sheraton Corporation*, 398 F.2d 243 (10th Cir. 1968), the Tenth Circuit Court of Appeals reached the same conclusion interpreting Oklahoma law. At issue in *Kalpakian* was the extent of the protection afforded innkeepers by Okla. Stat. tit. 15, § 503a (1961), sentence 2, which provided a $300 maximum limit on an innkeeper's liability for loss or damage to property which a guest has deposited with the innkeeper. The Tenth Circuit rejected the contention of the plaintiff that the $300 limitation of § 503a, sentence 2, did not apply to actions alleging negligence. 398 F.2d at 247.

Plaintiff also makes a lengthy public policy argument against interpreting K.S.A. 36-402 to include actions based upon an innkeeper's negligence. Simply stated, plaintiff argues that one purpose of tort law is to provide an incentive to exercise due care and, therefore, K.S.A. 36-402 should not be construed to take away the duty of an innkeeper to perform with reasonable care.

As in the present case, the overwhelming majority of cases addressing this issue involve jewelry salespersons who lose samples of their merchandise while staying at a hotel or motel. Placing upon the owners the primary responsibility for the care and protection of such uniquely valuable property is not such a gross error of public policy that this court is free to disregard the plain terms of K.S.A. 36-402(b), which reflect a decision by the legislature that the owner of merchandise for sale or samples is in the best position to take steps to protect that property.

In addition, courts which have considered the terms of inn-

keeper liability limitation statutes, and have found them to apply to actions grounded in negligence, have identified public policy concerns which support such interpretation. In *Link-Simon, Inc. v. Muehlebach Hotel, Inc.*, 374 F. Supp. at 795, the court stated that "the obvious rationale" of such provisions were "perfectly consistent with logic and sound public policy." The *Link-Simon* court relied in particular upon the decision of the Supreme Judicial Court of Maine in *Levesque v. Columbia Hotel*, 141 Me. 393. In *Levesque,* the court stated:

"The hotelkeeper is not a banker; and he is not in the business of operating a safe deposit vault except as an incident to operating a hotel. It is not, therefore, unreasonable to restrict his liability for such incidental services rendered to his guests within such limits as will meet their ordinary needs. Those who carry with them large amounts of money or jewelry must take other measures for their protection. The added cost to the hotelkeeper of providing for such protection even as against the willful act or negligence of an employee, is in the last analysis one of his costs of operation reflected in the rates charged to all. Why should those guests who do not need such protection pay for the cost of those who do?" 141 Me. at 398.

We conclude that K.S.A. 36-402 does apply to actions against an innkeeper for negligence in caring for a guest's property. The answer to the first question certified by the United States District Court is yes.

Plaintiff's next argues that, even if K.S.A. 36-402 is found to apply to property losses caused by the negligent actions of an innkeeper, it is subsection (c) of 36-402 which controls rather than subsection (b). K.S.A. 36-402(c) provides:

"With respect to money, jewelry, diamonds, or other valuable stones, articles of silver and gold, tickets, certificates or other like valuables, no hotel or motel keeper shall be liable for the loss thereof or damage thereto unless the same, together with an itemized list thereof, has actually been delivered by such guest, lodger or boarder, to such hotel or motel keeper, or his authorized agent or clerk in the registration office of such hotel or motel, and the receipt thereof acknowledged by the delivery to such guest or boarder of a claim check or receipt of the hotel or motel for such property. No hotel or motel keeper shall be liable for the loss of any property specified in this paragraph (c), after delivery of such property and the receipt therefor as aforesaid, in an amount in excess of two hundred fifty dollars ($250), unless such hotel or motel keeper by a specific agreement in writing individually, or by an authorized agent or clerk in charge of the registration office of such hotel or motel, shall voluntarily assume liability in a larger amount in reference to such property."

Plaintiff contends that, because the property in this case was

delivered to the innkeeper, which is not required under subsection (b), that subsection (c) applies, since (c) requires a guest to deliver the property designated under that subsection to the innkeeper. Plaintiff has misread the obvious meaning of subsections (b) and (c). The respective scopes of subsections (b) and (c) are not controlled by the actions which a guest must undertake to receive the protection of the statute. Rather, subsections (b) and (c) designate specific property which falls within the respective subsections, and then prescribes the various actions which must be taken by the guest in order to impose liability upon the innkeeper. Subsection (b) applies to "merchandise for sale or samples." Subsection (c) applies to "money, jewelry, diamonds, or other valuable stones, articles of silver and gold, tickets, certificates or other like valuables." In construing the provisions of a statute, a court should attempt to reconcile different provisions of the statute so as to make them consistent, harmonious, and sensible. *State v. Keeley*, 236 Kan. 555, 560, 694 P.2d 422 (1985).

A plain, harmonious, and sensible construction of K.S.A. 36-402(b) and (c) indicates that, although certain property, as in the present case, might fall under either subsection, the distinguishing feature between the two subsections is the purpose for which the property is held by the owner. For example, if a person owns items of personal jewelry which are not held as inventory in the person's business, such property would fall within the provisions of subsection (c). On the other hand, where the property is held as merchandise for sale or samples, the property falls within the provisions of subsection (b). The facts in the present case are undisputed that the jewelry which is the subject of the action was not held for personal, ornamental, or other like purposes. Rather, the jewelry was in the possession of plaintiff Nova Stylings' sales agent, and was held as merchandise for sale or samples. Subsection (b) of K.S.A. 36-402 controls the present case. The answer to the second certified question is that subsection (b) rather than (c) of K.S.A. 36-402 applies to the loss of sample merchandise consisting of jewelry.

The plaintiff contends that defendant is excluded from the protections of K.S.A. 36-402 since it failed to ask its guest about the nature of the property. Plaintiff argues that the burden falls

upon the innkeeper to inquire of its guests as to the nature of their property and to fulfill all the requirements of the statute.

The growing trend of cases which have addressed the issue rejects the argument advanced by plaintiff. See, *e.g.*, *K.S.K. Jewelry Co. v. Chicago Sheraton Corporation*, 283 F.2d 8 (7th Cir. 1960). In *Chase Rand v. Pick Hotels*, 167 Ohio St. 299, 147 N.E.2d 849 (1958), the Supreme Court of Ohio rejected imposition of a burden upon the innkeeper to inquire of its guests concerning the value of their property. The court stated:

"The trend under modern statutes limiting the common-law liability of an innkeeper appears to be to the contrary, and the majority of cases hold in effect that a guest is not relieved from all responsibility in respect to his property on entering an inn. He is bound to use reasonable care and prudence in respect to its safety, so as not to expose it to unnecessary danger of loss." 167 Ohio St. at 308.

In holding that Ohio law placed upon a guest the obligation to inform his innkeeper of the value of his property, the court stated:

"Such a rule is the essence of reason. How can an innkeeper make a 'special arrangement' to receive the property of a guest if he does not know what the property is? How can the innkeeper and guest agree on terms for such receiving? How can an innkeeper refuse to receive '4721.01 property' in excess of $500, as he has a right to do, unless he knows the value of the property tendered? These questions are unanswerable, unless somewhere along the line there is a duty upon someone to make disclosure." 167 Ohio St. at 308.

As a "salutary and logical rule," the court found that the duty to disclose the value of the property fell upon the guest. 167 Ohio St. at 308-09.

The same result was reached by the Tenth Circuit Court of Appeals in *Kalpakian v. Oklahoma Sheraton Corporation*, 398 F.2d 243. In *Kalpakian*, the issue involved an interpretation of Okla. Stat. tit. 15, § 503a, sentence 2, which provided that an innkeeper was not required to accept property for safekeeping in excess of $300, and that, absent a special agreement, an innkeeper could not be held liable for property deposited for safekeeping in an amount in excess of $300. The court stated that the "manifest purpose" of the statute was

"to protect a hotel against undisclosed excessive liability when it furnishes its guests safety deposit facilities, and to provide a method for accepting greater liability by written agreement if the hotel management desires. The decision to accept greater responsibility can be made only after the hotel guest has notified

the hotel of the actual value of the deposited property. *The statutory duty to give the notice of value is upon the guest.* When the hotel knows the value of the property to be deposited, it may then determine whether it desires to accept the deposit and assume responsibility for its loss." (Emphasis added.) 398 F.2d at 246.

The Tenth Circuit court concluded:

"The trend of the decisions considering state statutes relating to a hotel's liability for lost property deposited with it, is to strictly construe the obligation of a hotel guest to disclose the value of deposited property and to refuse to impose on hotels without notice a greater liability than the statutory amount, regardless of negligence." 398 F.2d at 247.

In the present case, the hotel guest is obviously in the best position to know whether property in his possession is merchandise for sale or samples under subsection (b) of K.S.A. 36-402 or whether he possesses money, jewelry, diamonds, or other valuable property under subsection (c). The guest is also in the best position to know the value of the property in his possession. It is important to note that, in the present case, defendant Red Roof Inns fully complied with the provisions of K.S.A. 36-403, which require the posting of a complete copy of the Kansas statute in every guest room of every hotel and motel. The failure of the guest in the present case to inform the innkeeper of the value of the property which she sought to leave in the motel manager's office, her failure to give notice of having merchandise for sale or samples, and her failure to give an itemized list of the property to the defendant precluded the defendant from determining whether it wished to accept the responsibility being placed on it. We therefore conclude that the answer to the third certified question is no.

The final argument advanced by plaintiff is that K.S.A. 36-402(b) has no application in the present case because its sales agent was not a guest of defendant Red Roof Inns. Rather, its sales agent had given the sample case containing the jewelry to Ms. Ruston, a guest of the defendant. Because the sales agent, Kulwin, was not a guest of the motel, plaintiff argues that K.S.A. 36-402(b) is inapplicable.

The argument which plaintiff advances here would require an innkeeper not merely to inquire concerning the ownership of a guest's property, but to ignore statements by a guest that she

owned certain property and to conduct an independent investigation to determine whether a guest's representation that she owned the property in question is truthful. A construction of the statute " 'should be avoided which would render the application of the statute impracticable, or inconvenient, or which would require the performance of a vain, idle, or futile thing, or attempt to require the performance of an impossible act.' " *In re Adoption of Baby Boy L.*, 231 Kan. 199, 209, 643 P.2d 168 (1982) (quoting 73 Am. Jur. 2d, Statutes § 251, p. 424). Such a construction of K.S.A. 36-402(b) would require within the terms of the statute the inclusion of property which has been entrusted to a guest. However, in the present case, not only was the property entrusted to the guest, the guest affirmatively represented to the innkeeper that the property in question belonged to her. Under the facts of this case, we find that K.S.A. 36-402 applies to limit an innkeeper's liability and, therefore, we answer the fourth certified question in the affirmative.