Mr. William B. Elliott Graham County Attorney 303 West Main P.O. Box 337 Hill City, Kansas 67642
Dear Mr. Elliott:
As attorney for Graham county, you request our opinion regarding the selection of members of a board for a county hospital. Your concerns arise as a legally sufficient petition requesting that the method of selection of members of the county hospital board be changed from appointment to election. Specifically, you ask the following: (1) whether the board of county commissioners must adopt a resolution setting forth the number of members to be elected to the county hospital board and the term of office for such members; (2) the date the election of members of the county hospital board is to occur; (3) whether all positions of the county hospital board would immediately become vacant upon approval by the electors of a resolution authorizing a change in the method of selection of members of the county hospital board; and (4) the manner in which the terms of the members of the county hospital board are to be established so as to comply with the provisions of subsection (e) of K.S.A. 19-4605.
K.S.A. 19-4605 provides in part:
 "(c) Upon establishment of a county hospital under this act, the commission, by resolution, shall provide for the establishment of a board and shall provide either that the members be appointed by the commission or that the members be elected by the qualified electors of the county on a nonpartisan basis. If the commission determines that the board is to be elected, the procedure for holding such election shall be determined by the commission, by resolution. The laws applicable to the procedure, manner and method provided for the election of county officers shall apply to the election of members of the board. The commission shall fix the number of board members and the terms of office for such members. The board shall be composed of five, seven or nine members and terms of office thereof shall be for not less than two years and not more than four years. Members of the board shall be residents of the county in which the hospital is located.
 "(d) The commission, upon being presented with a petition signed by not less than 5% of the qualified electors of the county requesting the manner of selection of the board be changed, shall adopt a resolution providing for the change. The question of changing the method of selection shall be submitted to a vote of the qualified electors of the county at a regular county primary or county general election or, if no regular county election is to be held within six months from the date of adoption of the resolution, at a special election called for the purpose of submitting such question. The resolution shall not be effective until a majority of the qualified electors voting on the question at such election vote in favor of the question. Such question shall not be submitted to the electors of the county at any election more than once in any one year.
 "(e) Members serving on a board on July 1, 1986, shall continue to serve until expiration of their respective terms and their successors shall be selected for terms fixed by resolution of the commission in accordance with the provisions of subsection (c) and this subsection (e). Members selected to serve on the board of any county hospital shall be selected for staggered terms so that: (1) Not all terms of office of such members expire at the same time; and (2) a majority of the members of the board are not selected at the same time.
 "(f) Subject to the provisions of subsection (c), the commission, by resolution, may modify the number of members to serve on the board. Whenever the number of members of a board is increased by resolution of the commission, the commission shall provide for the expiration of the terms of the members appointed or elected to the new positions on the board to coincide with the expiration of the terms of the members serving on the board at the same time of the creation of the new positions so that a majority of the members of the board are not selected at the same time." (Emphasis added.)
The interpretation of a statute is a matter of law and it is the function of the court to interpret it to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). The fundamental rule of statutory construction is that the intent of the legislature governs. House v. American Family Mutual Ins. Co.,251 Kan. 419, 423 (1992). In construing the provisions of a statute, a court should attempt to reconcile different provisions of the statute so as to make them consistent, harmonious, and sensible. Nova Stylings,Inc. v. Red Roof Inns, Inc., 242 Kan. 318, 325 (1987).
Pursuant to subsection (c) of K.S.A. 19-4605, the board of county commissioners has the authority to establish a county hospital board and determine whether the members of such board should be appointed or elected. If the commission determines that the members of the county hospital board are to be elected, the commission, by resolution, is to establish the procedure for election of the members of the county hospital board, determine the number of members of the county hospital board, and fix the terms of office for the members. The legislature has limited the discretion of the commission by requiring that the county hospital board be composed of five, seven, or nine members and terms of office be for not less than two years nor more than four years.
Under subsection (d) of K.S.A. 19-4605, the commission is obligated, upon receipt of a petition requesting a change in the manner of selection of the members of the county hospital board, to "adopt a resolution providing for the change." While the legislature has not expressly set forth items that must be included in the resolution providing for the change in the method of selection, we believe that it was the intent of the legislature that the resolution should contain those items which would be included in a resolution initially establishing the county hospital board. Therefore, upon being presented with a valid petition requesting that the manner of selection of the members of the county hospital board be changed from appointment to election, the board of county commissioners is obligated to adopt a resolution, to be submitted to a vote, establishing the number of members of the county hospital board and the terms of office of such members.
Pursuant to subsection (c) of K.S.A. 19-4605, the laws applicable to the procedure, manner, and method provided for the election of county officers are to apply to the election of members of the county hospital board. In Attorney General Opinion No. 88-168, it was determined that K.S.A. 19-4601 et seq. did not establish a date for the commencement of a term of office for a member of the county hospital board. Therefore, the commencement of the term was governed by K.S.A. 25-313, and the term of office for a member of the county hospital board is to begin the second Monday in January next following the election of the member.
Likewise, K.S.A. 19-4601 et seq. fails to establish a time for conducting the election of a member of the county hospital board. As the laws applicable to the procedure, manner, and method for the election of county officers is applicable to the election of a member of the county hospital board, the date of the election is governed by K.S.A. 25-101
which provides in part:
 "On the Tuesday succeeding the first Monday in November of each even-numbered year, there shall be held a general election to elect officers as follows:
. . . .
 "at each alternate election there shall be elected, in each county, a county clerk, county treasurer, register of deeds, county or district attorney, sheriff and such other officers as provided by law . . . ." (Emphasis added.)
Likewise, members of the board of county commissioners are elected at each general election held on the Tuesday succeeding the first Monday in November of even-numbered years. See K.S.A. 19-202; 25-2502.
As state statutes provide for the election of various county officers at each general election held on Tuesday succeeding the first Monday in November of even-numbered years, and the procedure, manner, and method for election of members of the county hospital board are subject to the laws governing the election of county officers, we believe that the election for members of the county hospital board is to be conducted on the Tuesday succeeding the first Monday in November of each even-numbered year. However, because the term of office for a member of the county hospital board may be for no less than two years nor more than four years, the term of office of a member of the county hospital board may expire before the next alternate election, i.e. in those instances where the term of office is set for three years. Also, consideration must be given to the requirement set forth in subsection (e) of K.S.A. 19-4605.
Subsection (e) of K.S.A. 19-4605 states in part:
 "Members selected to serve on the board of any county hospital shall be selected for staggered terms so that: (1) Not all terms of office of such members expire at the same time; and (2) a majority of the members of the board are not selected at the same time." (Emphasis added.)
In Attorney General Opinion No. 88-168, it was determined that in K.S.A. 1987 Supp. 19-4607 "the legislature used the term `selected' as applying to either election or appointment [of the members of the county hospital board]." It is the duty of the court to reconcile different statutory provisions so as to make them consistent, harmonious, and sensible. Chamberlain v. Buhrman, 250 Kan. 277, 281 (1992). Therefore, as K.S.A. 19-4605 and 19-4607 are part of the same legislative act, the term "selected" as used in K.S.A. 19-4605 is likewise deemed to include elected as well as appointed members of the county hospital board.
As originally enacted, K.S.A. 19-4605 did not include the requirement set forth in subsection (e)(2) of the statute. The statute did include a provision in subsection (f) that if the membership of the board was increased, the terms of office had to be established in such a way as that not more than a simple majority of the members were selected at any time. See L. 1984, ch. 98, sec. 5.
In L. 1986, ch. 113, sec. 1, the legislature added subsection (e)(2). Also, subsection (f) was amended to state that the terms of new members had to be established such that "a majority of the members of the board are not selected at the same time." K.S.A. 19-4605. Therefore, it is the intent of the legislature that, pursuant to subsection (e) of K.S.A.19-4605, the terms of office for the members of the county hospital board be established so that a majority of the members of the board are not elected at the same election.
Given the requirement of subsection (e) of K.S.A. 19-4605, it is clear that not all members of the county hospital board may be elected at general elections. It is virtually impossible to meet the requirement set forth in subsection (e)(2) of K.S.A. 19-4605 unless, by resolution, the board of county commissioners is permitted to provide for conducting elections of members of the county hospital board at times other than dates of general elections. All statutes are presumed to be enacted with full knowledge of the existing condition of the law and with reference to it. Early Detection Center, Inc. v. Wilson, 248 Kan. 869, 874 (1991). Therefore, we determine that elections of members of the county hospital board are to be conducted on the Tuesday succeeding the first Monday in November of each even-numbered year. However, to meet the requirement of subsection (e)(2) of K.S.A. 19-4605, the board of county commissioners may, by resolution, provide for the election of members of the county hospital board at times other than November of each even-numbered year.
Upon approval by a majority of the qualified electors voting on the question regarding a change in the method of selection of members of the county hospital board, the resolution adopted by the county commission providing for the change in the method of selection becomes effective. K.S.A. 19-4605. A determination of the fate of the members of the county hospital board who were appointed to their positions prior to the change in the method of selection will require a review of the resolution adopted by the county commission.
 "There is no doubt that the legislature that creates a public office has the power to modify the term of such office in the public interest; the legislature may shorten or lengthen the term in the absence of constitutional inhibition. There is no constitutional bar against the mere shortening of the term of an existing statutory office by legislation aimed at the office rather than at the incumbent . . . ." 63A AmJur2d Public Officers and Employees sec. 156 (1984).
Therefore, the terms of office of those members appointed to the county hospital board may be shortened if it is within the public interest to do so. As the county commission is the authority which is to provide for the change in the method of selection, a review of the resolution adopted by the county commission is necessary to determine whether the terms of office of those members appointed to the county hospital board are immediately terminated upon approval of the resolution by a majority of the qualified electors voting on the question.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS: