No. 66,858

WILLIAM H. CHAMBERLAIN, *Appellant,* v. JANICE BUHRMAN, MI-
AMI COUNTY CLERK/MIAMI COUNTY ELECTION OFFICER,
*Appellee.*

(825 P.2d 168)

Opinion filed January 17, 1992.

*Barry R. Grissom,* of Overland Park, argued the cause for petitioner.

*David R. Heger,* county counselor, argued the cause for respondent.

The opinion of the court was delivered by

SIX, J.: This original action in mandamus is a statutory interpretation case. We are presented with a first impression issue arising from the qualifications imposed by the legislature on candidates for the office of sheriff. Our resolution of the relationship of three statutes, K.S.A. 19-801b(a) (qualifications for the office of sheriff), K.S.A. 19-826 (mandatory fingerprinting requirement for candidates for sheriff), and K.S.A. 1990 Supp. 12-4516 (expungement of convictions), will control the disposition of this issue.

William H. Chamberlain, who wishes to be a sheriff, filed an original action in mandamus. Janice Buhrman, Miami County Clerk/Election Officer, is the respondent. Buhrman terminated Chamberlain's candidacy for the office of sheriff because he had been convicted of driving while under the influence of alcohol or drugs and an open container of liquor offense and was disqualified to be elected sheriff under K.S.A. 19-801b(a)(3). Chamberlain's convictions had been expunged. Chamberlain seeks an order in mandamus directing Buhrman to place his name on the ballot.

The question is whether expungement of the liquor-related offenses clears the K.S.A. 19-801b(a)(3) conviction prohibition, thus permitting Chamberlain's name to appear on the ballot.

The answer is no. We deny the writ of mandamus. Chamberlain is statutorily prohibited from filing for the office of sheriff.

## Facts

Chamberlain submitted his name to Buhrman to be placed on the ballot for the elected office of Sheriff of Miami County, Kansas. Buhrman forwarded Chamberlain's fingerprints to the Kansas Bureau of Investigation (KBI) as required by K.S.A. 19-826. The KBI issued a certification of fingerprint search, notifying Buhrman that Chamberlain had been convicted of liquor-related violations (driving while under the influence and operating a motor vehicle with an open container) which under K.S.A. 19-801b would preclude him from serving as sheriff.

Before submitting his name to Buhrman, Chamberlain had obtained an order expunging the two liquor-related convictions under K.S.A. 1990 Supp. 12-4516.

Buhrman informed Chamberlain of the KBI search result and that he had five days, under K.S.A. 19-826(c), to correct any error. Chamberlain did not respond. Buhrman informed Chamberlain by letter that his candidacy for sheriff had been terminated.

## Qualifications for the Office of Sheriff

Chamberlain contends that K.S.A. 1990 Supp. 12-4516(e) contains limited instances when information concerning an expungement conviction may be released after an order of expungement has been entered. He argues that K.S.A. 1990 Supp. 12-4516(e) does not provide for release of information concerning an expunged conviction when a name is submitted for the elected office of sheriff. Therefore, Chamberlain reasons the KBI improperly reported his convictions to Buhrman.

Buhrman counters that K.S.A. 19-801b(a) unambiguously states that a person is not eligible to run for sheriff unless such person *"has never been convicted"* of a liquor-related offense. Buhrman asserts that expungement of a conviction of a liquor-related offense neither alters the fact of the conviction nor removes the disqualification for holding the office of sheriff. We agree. We also agree with Buhrman's argument that K.S.A. 1990 Supp. 12-4516(e)(2) demonstrates legislative intent that persons attempting to hold the office of sheriff disclose expunged liquor-related convictions. K.S.A. 1990 Supp. 12-4516(e)(2) requires persons applying for employment with a criminal justice agency to disclose expunged convictions, if asked in an application for employment.

K.S.A. 19-801b(a)(3) states:

"No person shall be eligible for nomination, election or appointment to the office of sheriff unless such person:

. . . .

"(3) has never been convicted of or pleaded guilty or entered a plea of *nolo contendere* to any felony charge or to any violation of any federal or state laws or city ordinances relating to gambling, liquor or narcotics."

K.S.A. 19-826(b) requires candidates for the office of sheriff to be fingerprinted. K.S.A. 19-826(c) also requires the county election officer to send the candidate's fingerprints to the KBI for a search of state and national fingerprint files to determine if the candidate qualifies for the office of sheriff under K.S.A. 19-801b. K.S.A. 19-801b(a)(3) and K.S.A. 19-826(c) are specific statutes dealing with qualifications for election to the office of sheriff.

K.S.A. 1990 Supp. 12-4516(e) indicates the legislature intends persons applying for law enforcement positions to disclose expunged convictions, if asked. The fingerprint search mandated by K.S.A. 19-826 is an inquiry into a sheriff candidate's criminal record.

K.S.A. 1990 Supp. 12-4516(e) provides, in part:

"When the court has ordered a conviction expunged, the order of expungement shall state the information required to be contained in the petition. The clerk of the court shall send a certified copy of the order of expungement to the federal bureau of investigation, the Kansas bureau of investigation, the secretary of corrections and any other criminal justice agency which may have a record of the conviction. After the order of expungement is entered, *the petitioner shall be treated as not having been convicted of the crime, except that:*

. . . .

"(2) the petitioner shall disclose that the conviction occurred if asked about previous convictions (A) in any application for employment . . . *with a criminal justice agency,* as defined by K.S.A. 22-4701, and amendments thereto." (Emphasis added.)

K.S.A. 1990 Supp. 12-4516(h) provides that the custodian of the records of an expunged conviction shall not disclose the existence of such records, except when requested by certain named persons or institutions. The relevant exception to the case at bar is when the records are requested by: "a criminal justice agency, private detective agency or a private patrol operator, and the request is accompanied by a statement that the request is being

made in conjunction with an application for employment with such agency or operator by the person whose record has been expunged."

K.S.A. 1990 Supp. 22-4701(c) defines "criminal justice agency" to include:

"(1) State, county, municipal and railroad police departments, sheriffs' offices and countywide law enforcement agencies, correctional facilities, jails and detention centers."

The sheriff's office is a criminal justice agency.

"It is the duty of the court to reconcile different statutory provisions so as to make them consistent, harmonious, and sensible. [Citation omitted.] General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling. [Citation omitted.]" *Kansas Racing Management, Inc. v. Kansas Racing Comm'n,* 244 Kan. 343, 353, 770 P.2d 423 (1989).

The county election officer is not specifically listed in K.S.A. 1990 Supp. 12-4516(h) as a person or agency authorized to receive records of expunged convictions. However, K.S.A. 19-826(c) authorizes the county election officer to receive such information.

K.S.A. 1990 Supp. 12-4516 does not specifically address the effect of an expungement of a liquor-related conviction on a candidate's qualifications for sheriff. K.S.A. 1990 Supp. 12-4516 is a general statute dealing with expungement of convictions. It does not remove the fact of the convictions, but merely closes the records of the conviction to public scrutiny. K.S.A. 19-801b and K.S.A. 19-826 specifically address qualifications for the office of sheriff and the method to determine prior disqualifying convictions. To the extent that K.S.A. 19-826(c) and K.S.A. 1990 Supp. 12-4516(h)(2) conflict, K.S.A. 19-826(c) controls. K.S.A. 19-826(c) is a specific statute dealing with the reporting of convictions to determine eligibility for being elected to the office of sheriff.

It would make little sense for the legislature to place a sheriff's deputies under closer scrutiny than the sheriff. In construing K.S.A. 1990 Supp. 12-4516 with K.S.A. 19-801b and K.S.A. 19-826, we hold that K.S.A. 19-801b and 19-826 control. A liquor-related conviction expunged under K.S.A. 1990 Supp. 12-4516 does not remove the K.S.A. 19-801b disqualification for the office of sheriff. The KBI properly reported Chamberlain's convictions

to Buhrman. Buhrman properly terminated Chamberlain's attempt to become a candidate for sheriff.

The writ of mandamus is denied.