William E. Kennedy III Riley County Attorney Carnegie Building, Second Floor 105 Courthouse Plaza Manhattan, Kansas 66502-0106
Dear Mr. Kennedy:
As attorney for Riley county, you request our opinion regarding the proper form of a question on a petition seeking to bring an issue before the electorate. Specifically, you ask whether the question set forth in the petition must include the phrase set forth in K.S.A. 25-620.
A petition seeking to bring an issue before the electorate must meet the requirements set forth in K.S.A. 25-3601 et seq. K.S.A.25-3602 states in part:
 "(b) Each petition shall, unless otherwise specifically required: (1) State the question which petitioners seek to bring to an election in the form of a question as it should appear upon the ballot in accordance with the requirements of K.S.A. 25-620 and amendments thereto. . . ." (Emphasis added.)
K.S.A. 25-601 et seq. prescribes the form official ballots are to follow. Every question or proposition placed upon ballots to be submitted to the voters of a subdivision of government are to be phrased in such language that a "yes" vote indicates approval of the matter or course of action proposed. K.S.A. 25-605a. K.S.A. 25-620 provides:
 "On the ballot there shall be printed the proposition or question to be voted on. Each proposition or question shall be preceded by the words, `Shall the following be adopted?'. . . ."
K.S.A. 25-620 further provides instructions which are to be printed across the entire width of the top of the ballots, the title to be printed on the back of the ballots, the location of boxes on the ballots such that a "yes" or "no" vote may be cast, and for numbering of the ballots.
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). There is a presumption that the legislature does not intend to enact useless or meaningless legislation. In Re Adoption of Baby Boy L,231 Kan. 199, Syl. para. 7 (1982); City of Olathe v. Board of ZoningAppeals, 10 Kan. App. 2d 218, 221 (1985). It is the duty of the court to reconcile different statutory provisions so as to make them consistent, harmonious, and sensible. Chamberlain v. Buhrman, 250 Kan. 277, 281
(1992).
Opinions of the Attorney General have consistently stated that the requirements set forth in K.S.A. 25-3602 are mandatory, Attorney General Opinions No. 77-303; 78-40; 79-290; 80-97; 81-230; 82-230; 84-41; 85-160; 86-51; 90-64; 90-71; 91-94; 92-136, and that the question petitioners seek to bring to an election must be set forth in the form of a question. Attorney General Opinions No. 82-230; 85-160; 86-19; 88-115; 90-64; 90-71; 91-94; 92-103. In 1992, the legislature amended K.S.A.25-3602 such that in order to meet the requirements of K.S.A. 25-3602, the question set forth in the petition must be in the form of a question as it should appear upon the ballot in accordance with the requirements of K.S.A. 25-620, unless otherwise specifically provided. See L. 1992, ch. 194, sec. 3. K.S.A. 25-620 expressly requires that the question appearing on the ballot be preceded by the phrase "Shall the following be adopted?" Because the question set forth in a petition seeking to bring an issue before the electorate must be in the form of a question as it should appear upon the ballot in accordance with the requirements of K.S.A. 25-620, unless otherwise specifically provided, the question set forth in the petition must be preceded by the phrase "Shall the following be adopted."
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm