The Honorable Richard D. Reinhardt State Representative, Eighth District R.R. #1, Box 118 Erie, Kansas 66733
Dear Representative Reinhardt:
As representative for the eighth district, you request our opinion regarding whether a lease-purchase agreement entered into by a board of trustees for a community college is subject to the conditions set forth in K.S.A. 10-1116c.
Municipalities are subject to the cash basis law as set forth at K.S.A. 10-1101 et seq. Attorney General Opinion No. 92-121. The purpose of the cash basis law is to provide for the funding and payment of all legal debts and obligations and for the future conduct of the financial affairs of such municipality upon a cash basis and to prevent a deficit in the funds of a municipality at the end of the fiscal year. K.S.A.10-1102; Greenlee v. Board of Clay County Commissioners, 241 Kan. 802,807 (1987). A community college is a municipality subject to the provisions of the cash basis law. K.S.A. 10-1101, as amended by L. 1994, ch. 117, sec. 1.
The legislature has authorized municipalities to enter into certain types of extended agreements without violating the cash basis law. The provisions of the cash basis law will not prohibit a municipality from entering into a lease-purchase agreement, provided the agreement specifically states that the municipality is obligated only to pay periodic payments or monthly installments under the agreement as may lawfully be made from (a) funds budgeted and appropriated for that purpose during such municipality's current budget year or (b) funds made available from any lawfully operated revenue producing source. K.S.A.10-1116b. "Any lease-purchase agreement entered into pursuant to thisact shall be subject to the . . . conditions . . ." set forth in K.S.A.10-1116c. K.S.A. 10-1116c (emphasis added). Among the conditions set forth are the requirement to provide notice and the procedure for subjecting the lease-purchase agreement to an election.
However, the board of trustees of a community college is granted additional authority to enter into lease-purchase agreements. Pursuant to K.S.A. 71-201, the board is granted the power:
 "(9) To acquire by gift, purchase, condemnation or otherwise, and to own, lease, use and operate property, whether real, personal, or mixed, or any interest therein, which is necessary or desirable for community college purposes. . . . The provisions of the cash basis and budget laws shall not apply to any lease made under authority of this subsection in such manner as to prevent the intention of this act from being made effective." K.S.A. 71-201 (emphasis added).
It appears that if the board of trustees of a community college exercises its authority under K.S.A. 71-201 to enter into a lease-purchase agreement, the lease-purchase agreement is not subject to the provisions of the cash basis and budget laws, including K.S.A.10-1116c. However, if the board exercises its authority pursuant to K.S.A. 10-1116b, the lease-purchase agreement is subject to the provisions of K.S.A. 10-1116c.
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. Todd v. Kelly, 251 Kan. 512, 515 (1992). In determining legislative intent, courts are not limited to a mere consideration of the language employed but may properly look into the historical background of the enactment, the circumstances attending and subsequent to its passage, the purposes to be accomplished and the effect the statute may have under the various constructions suggested. Steelev. City of Wichita, 250 Kan. 524, 529 (1992). It is the duty of the court to reconcile different statutory provisions so as to make them consistent, harmonious, and sensible. General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling. Chamberlain v. Buhrman, 250 Kan. 277, 281 (1992).
Exemption of lease-purchase agreements entered into by a community college from the provisions of the cash basis and budget laws as set forth in subsection (9) of K.S.A. 71-201 was achieved through enactment of L. 1978, ch. 277, sec. 1. L. 1978, ch. 227 included enactment of subsection (16) of K.S.A. 71-201, authorizing establishment of petty cash funds. No other provisions were included in L. 1978, ch. 277. A search of the legislative history provides no expressed indication regarding "the intention of this act . . ." in exempting lease-purchase agreements from the provisions of the cash basis and budget laws.
Amendment of K.S.A. 10-1116b and enactment of K.S.A. 10-1116c occurred through adoption of L. 1990, ch. 74, secs. 2, 3. These provisions were added to 1990 House Bill No. 3109 upon recommendation of the senate committee on local government. 1990 Senate Journal 1608 (April 6, 1990). Included within L. 1990, ch. 74 was a provision amending K.S.A.72-8225, such that "[t]he board of education of any school district, as lessee or lessor, may enter into written contracts for the use of real or personal property; except that no or lease-purchase agreements as providedby K.S.A. 10-1116b, and amendments thereto." K.S.A. 72-8225, as amended by L. 1990, ch. 74, sec. 4 (emphasis denotes new language). No other governmental entity possessing authority to enter into lease-purchase agreements had a similar restriction placed upon its authority. Based on information provided, it appears the recommendation of the senate committee on local government was intended to address the actions of the board of education of a unified school district. However, the minutes of the senate committee on local government do not provide any indication regarding the purpose for amendment of 1990 House Bill No. 3109.
Following the rules of statutory construction, it is determined that the board of trustees of a community college possesses authority under K.S.A. 10-1116b or 71-201 to enter into lease-purchase agreements. A lease-purchase agreement entered into pursuant to K.S.A. 10-1116b is subject to the conditions set forth in K.S.A. 10-1116c. However, a lease-purchase agreement entered into under K.S.A. 71-201 is not subject to such conditions. All statutes are presumed to be enacted with full knowledge of the existing condition of the law and with reference to it.Early Detection Center, Inc. v. Wilson, 248 Kan. 869, 874 (1991). It is presumed that the legislature was aware at the time of enactment of L. 1990, ch. 74 that the board of trustees of a community college, as with a board of education of a unified school district, possessed authority independent of K.S.A. 10-1116b to enter into lease-purchase agreements. By amending K.S.A. 72-8225, expressly providing that a lease-purchase agreement entered into by a board of education is subject to K.S.A.10-1116b and amendments thereto, but not enacting a similar restriction regarding lease-purchase agreements entered into by a board of trustees, it was the intent of the legislature to permit a board of trustees to enter into a lease-purchase agreement without meeting the conditions set forth in K.S.A. 10-1116c. Therefore, a lease-purchase agreement entered into under subsection (9) of K.S.A. 71-201 is not subject to the conditions set forth in K.S.A. 10-1116c.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm