Robert J. Watson City Attorney City Hall 8500 Santa Fe Drive Overland Park, Kansas 66212
Dear Mr. Watson:
You request our opinion regarding whether a voter affiliated with a political party may accept nomination and seek city office as an independent candidate in the city of Overland Park. You raise this issue to clarify application of K.S.A. 25-303 to city elections conducted on a partisan basis. Contained within K.S.A.25-303 is a provision stating that the statute is inapplicable to city elections. However, in Attorney General Opinion No. 77-27, it was stated that the procedure for filing independent candidacies set forth in K.S.A. 25-303 was "constitutionally required to be available to independent candidates for municipal office in partisan city elections."
The procedure for election of city officers is governed by K.S.A.25-2101 et seq. K.S.A. 25-2110 and 25-2110a establish the procedure to be followed by a person seeking to become a candidate for city office. Whether a person desires to become a candidate for a city office elected at large or from a district, the person is required to file with the city clerk a statement of candidacy accompanied by the proper filing fee or nomination petition. See
K.S.A. 25-2110; 25-2110a. Pursuant to subsection (a) of K.S.A.25-2113, city elections are generally conducted on a nonpartisan basis. However, as a city of the first class subject to the provisions of subsection (b) of K.S.A. 25-2113, Overland Park conducts its elections of city officers on a partisan basis.
 "Election laws of a general nature which are applicable to partisan elections and which are not in conflict with this subsection (b) or any specific law applicable to election of city officers in any city to which this subsection (b) applies, shall apply to elections held under the provisions of this subsection (b)." K.S.A. 25-2113.
Therefore, it must be determined whether the provisions of K.S.A.25-303 or 25-2110 and 25-2110a are applicable when a person seeks to become an independent candidate for city office in a city which conducts its elections of city officers on a partisan basis.
The interpretation of a statute is a matter of law and it is the function of the court to interpret the statute to give it the effect intended by the legislature. State v. Schlein,253 Kan. 205, 209 (1993). A fundamental rule of statutory construction is that the purpose and intent of the legislature governs. In re TaxAppeal of Collingwood Grain, Inc., 257 Kan. 237, syl. para. 5 (1995). In determining legislative intent, courts are not limited to a mere consideration of the language employed but may properly look into historical background of the enactment, the circumstances attending and subsequent to its passage, the purposes to be accomplished and the effect the statute may have under the various constructions suggested. Galindo v. City ofCoffeyville, 256 Kan. 455, 465 (1994). It is the duty of the court to reconcile different statutory provisions so as to make them consistent, harmonious, and sensible. General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling. Chamberlain v. Buhrman,250 Kan. 277, 281 (1992). It is a cardinal rule of construction that all statutes are to be so construed as to sustain them rather than ignore or defeat them; to give them operation if the language will permit, instead of treating them as meaningless. Martindale v.Tenny, 250 Kan. 621, 632 (1992).
Prior to 1968, city officers were elected in the same manner utilized for election of national, state, county, and township officers. During its 1968 session, the legislature enacted legislation providing for the nonpartisan election of city officers, except for elections conducted in cities of the first class in counties designated as urban areas. L. 1968, ch. 274, sec. 13. During the same session, the legislature amended K.S.A.25-303, clarifying that its provisions were not applicable to city and school elections. L. 1968, ch. 406, sec. 90. (Contained within the provisions of K.S.A. 25-303 in 1968 was a procedure for declaring independent nominations. The provision precluding a person who had retained party affiliation from accepting an independent nomination was not added until 1991. See L. 1991, ch. 99, sec. 2.) Both legislative enactments became effective April 30, 1968. L. 1968, ch. 274, sec. 51; L. 1968, ch. 406, sec. 146.
In a legal opinion issued January 25, 1977, Attorney General Curt Schneider determined that formation of a political party could not be a requisite for ballot access, but that some procedure must be available for persons desiring to seek city office as independent candidates. Because statutes governing city elections did not include such a procedure, Attorney General Schneider concluded that "the independent nomination procedure available under K.S.A.25-303 is constitutionally required to be available to independent candidates for municipal office in partisan city elections," despite the provision in K.S.A. 25-303 that it did not apply to city elections. Attorney General Opinion No. 77-27.
Legislation intended to correct problems in the procedure for declaring candidacy in city elections was introduced during the 1977 legislative session. See Minutes, Senate Committee on Elections, March 1, 1977. The legislation included an amendment to K.S.A. 25-2110 and enacted K.S.A. 25-2110a. See L. 1977, ch. 137, secs. 1, 2.
Given the historical perspective surrounding the adoption of these provisions, it is determined that the provisions of K.S.A. 25-2110
and 25-2110a govern the procedure for filing as an independent candidate for city office in a city which conducts its elections on a partisan basis. Any other interpretation would either result in no procedure being available under state statute or ignoring the provision in K.S.A. 25-303 that the statute does not apply to city elections. Therefore, to become an independent candidate for city office in a city which conducts its elections on a partisan basis, a person must follow the procedure established in K.S.A.25-2110 or 25-2110a and file with the city clerk a statement of such candidacy on a form provided by the county election officer. The statement must be accompanied by a filing fee or a petition containing the proper number of signatures as established in K.S.A. 25-2110 or 25-2110a. The provision in K.S.A. 25-303
precluding a person who has retained party affiliation from accepting an independent nomination is inapplicable to city elections.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm